UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUICE GENERATION, INC.,<br><br>                              Plaintiff,<br><br>          - against -<br><br>KREATION ORGANIC, INC., and<br>KREATION JUICERY, INC.<br><br>                              Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION** |

Plaintiff Juice Generation, Inc. ("Juice Generation" or "Plaintiff"), by and through its attorneys, as and for its Complaint against Defendants Kreation Organic, Inc. and Kreation Juicery, Inc. (collectively "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.     This action for trademark infringement, false designation of origin, false advertising, and unfair competition arises out of Defendant's intentional adoption and use of a brand for juice bars and juice bar services that is confusingly similar to Juice Generation's well-known brand for juice bars and juice bar services, and other false advertising, all in a deliberate effort to create a false association between Defendant's juice bar and juice delivery services and Plaintiff's well known juices and juice bar services.

2.     Established in 1999, the Juice Generation juice bar has become the standard for fresh juices, smoothies, acai bowls, and juice bar services in the United States.  Plaintiff's dedicated careful selection of ingredients has positioned itself as a cultural trendsetter and gained national attention from media outlets such as *The Today Show, Good Morning America, CBS Sunday Morning, The New York Times, Los Angeles Times, Wall Street Journal, Time Magazine, Vanity Fair*, and *People Magazine* to name a few.  Plaintiff's reputation and high quality goods and

services has translated into substantial goodwill embodied by its PEACE LOVE AND JUICE marks.

## THE PARTIES

3.     Plaintiff Juice Generation, Inc. is a New York corporation with its principal place of business at 122 East 42nd Street, New York, New York 10168.

4.     Upon information and belief, Defendant Kreation Organic, Inc. is a California corporation with its principal place of business in 1023 Montana Ave, Santa Monica, California 90403.

5.     Upon information and believe, Defendant Kreation Juicery, Inc. is a California corporation with its principal place of business in 9465 Charleville Blvd, Beverly Hills, California 90212.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1051 *et seq.*), and because the state law claims are joined with related and substantial claims under the federal Lanham Act.  Further, this Court may exercise supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of New York and common law pursuant to 28 U.S.C. § 1367 because they are so related to the claims arising under the federal Lanham Act that they form part of the same case or controversy.

9.     This Court has personal jurisdiction over Defendant because Defendant has knowingly targeted Plaintiff in this District with their infringing acts; have knowingly targeted residents of New York familiar with the Juice Generation juices and juice bar services; and because Defendant conduct business in the state of New York.  Defendant markets and sells

product under the infringing Peace Love Juice brand directly to consumers, including consumers in New York, through an interactive website located at Kreationjuice.com, which is available to users in this District.  Defendant's website also touts the fact that "national delivery."

10.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the property that is the subject of this action is located in this District, and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A.    Plaintiff's PEACE LOVE AND JUICE Marks

11.    Plaintiff owns the nineteen (19) juice bars in New York City. All of these Juice Generation locations are commonly referred to by the public and associated with the PEACE LOVE AND JUICE marks.

12.    Plaintiff's reputation depends upon the careful selection and preparation of the highest quality and healthiest ingredients.  The cold pressed juices are all USDA Certified Organic.

13.    As a result, Plaintiff maintains a nationwide customer base that includes, and has included, large national and multinational corporations, famous actors and directors including Lady Gaga, Leonardo DiCaprio, Paul McCartney, and Jennifer Lopez; and millions of patrons who travel to Plaintiff's juice bars from throughout the United States and abroad.  Plaintiff's national customer base is a direct result of, as well as a reflection of, its national reputation.  The trademark and phrase "peace love juice" was touted by Eric Helms' (the founder of Juice Generation) in his best-selling book "The Juice Generation" (chapter 4 / page 43) that includes recipes from celebrities such as Salma Hayek, Edward Norton, Jennifer Lopez, Michelle Williams, Jason Bateman, Blake Lively, and others.

14.   Plaintiff's marks PEACE LOVE JUICE, PEACE LOVE AND JUICE and  are used by Plaintiff on a wide variety of printed materials such as menus, labels, packaging, boards, and advertising materials for juices, juice bars, and juice bar services.

16.   In addition to operating its juice bars, Plaintiff sells juices and promotional items under the PEACE LOVE JUICE, PEACE LOVE AND JUICE and marks through Plaintiff's website at *www.juicegeneration.com*.

**B.    Plaintiff's Trademarks**

17.   At least as early as 2011, Plaintiff has been using, and continues to use, the PEACE LOVE AND JUICE and PEACE LOVE JUICE marks in connection with its juice bar services and related juices and services and, as well as in the stylized form depicted below (collectively, the "PEACE LOVE Marks").

18.   While Plaintiff's continued use of the PEACE LOVE Marks provides it with strong common law rights to those marks, Plaintiff also owns a number of valid, subsisting, uncancelled

and unrevoked registrations in the U.S. Patent and Trademark Office (USPTO) for those marks, including the following:

| MARK | REG./APP. NO. | REG./APP. DATE | DESCRIPTION OF GOODS/SERVICES |
|---|---|---|---|
| PEACE LOVE AND JUICE with Design | 1,307,537 | 3/22/2016 | Class 9: Restaurant Services |
| PEACE LOVE AND JUICE | 4854158 | 11/17/2015 | Class 032: Fruit juices; Non-alcoholic beverages containing fruit juices; Prepared entrees consisting of fruit drinks and fruit juices, fruit-based beverages, non-alcoholic beverages containing fruit juices, non-alcoholic fruit extracts used in the preparation of beverages, non-alcoholic fruit juice beverages, vegetable juices, vegetable-fruit juices and smoothies. |
| PEACE LOVE JUICE | 4,996,927 | 04/12/2016 | Class 43: Juice bar services |

21.    Attached hereto as Exhibit A are copies of each of the certificates of registration for the PEACE LOVE Marks.

23.    Based on its federal trademark registrations and common law rights, Plaintiff owns the exclusive right to use the PEACE LOVE Marks in commerce in connection with the goods and services covered by the registrations.  Juice Generations' unparalleled reputation for quality in the juice bar business and juice business was achieved through years of effort and is a priceless asset.

24.    Plaintiff has spent considerable time and expense on the creation and development, as well as enforcement of its PEACE LOVE Marks.  Through Plaintiff's widespread reputation for quality and excellence, the PEACE LOVE Marks have become strong and well-known in

connection with juices and juice bar services.  As a result of Plaintiff's use of the PEACE LOVE Marks in connection with high quality juice bar services and juices, and the extensive publicity identifying Juice Generation as a premier juice bar, the PEACE LOVE Marks have come to be exclusively associated with high quality juice services and juice products originating solely from Plaintiff.

### C.   Defendant's Infringing Activity

27.   On information and belief, in 2018, long after Plaintiff commenced its continuous and prominent use of the PEACE LOVE Marks, and with actual and constructive knowledge of Plaintiff's prior use of the PEACE LOVE Marks, Defendant began providing juice bar services and selling juices utilizing a combination of the words and symbolic representations of "peace," "love" and "juice" (the "KREATION marks").  The KREATION marks include the use of the



PEACE LOVE JUICE mark and

33.   Defendant regularly uses the KREATION marks, including on their menu and website, in order to further the misconception that they are affiliated with Plaintiff's juice bars. Defendant uses the words and symbolic representations for peace and love and juice through their website and locations.

37.   Defendant's "about" page at   https://www.kreationjuice.com/pages/about-us specifically identifies the phase "Peace. Love. Juice."  That same page touts the services and the online store of Defendant.

38.   Defendant notoriously displays the phrase PEACE LOVE & JUICE together with the symbolic representations in their locations.  One example includes the following:



39.   Defendant's food products are packaged with the KREATION marks.  Examples of Defendant's products are shown below.





40.   Defendant entices customers to enter its juice bar locations by using the KREATION marks.  One examples is shown below.



41.    Plaintiff sent a letter (a) informing Defendant of its rights in the PEACE LOVE marks, (b) identifying specific infringing materials, and (c) providing a timeframe for removing the infringing materials.  Defendant has not responded to that letter to this date.

42.    Through their infringing use of the PEACE LOVE Marks, and false advertising, Defendant had injured Plaintiff in its business and property and continues to irreparably injure Plaintiff unless enjoined by this Court.  Defendant's conduct has also deprived Plaintiff of value that rightfully belongs to it through loss of goodwill.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement

### Lanham Act § 32, 15 U.S.C. § 1114

43.    Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

44.    The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.    Plaintiff owns valid and protectable registered rights in the PEACE LOVE Marks.

46.    On information and belief, Defendant had actual knowledge of Plaintiff's ownership and use of the PEACE LOVE Marks prior to Defendant's adoption and use of confusingly similar variations of the PEACE LOVE Marks in connection with the promotion and sale of its products and services.

47.     Plaintiff has not authorized Defendant to use the PEACE LOVE Marks, and Defendant's use of the PEACE LOVE Marks has resulted in Defendant unfairly and unlawfully benefitting from Plaintiff's goodwill.

48.     Defendant's unauthorized use and promotion of the PEACE LOVE Marks are causing confusion, and will likely to continue to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the products Defendant are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

49.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

49.     On information and belief, Defendant has acted willfully to usurp Plaintiff's rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), and Defendant's profits due to the infringement.

## SECOND CLAIM FOR RELIEF

### False Designations of Origin

### Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

50.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

51.     In addition to its federal trademark registrations, Plaintiff owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the PEACE LOVE Marks in New York and throughout the United States.

52.     Defendant's use of the PEACE LOVE Marks in commerce constitutes false designations of origin, as it is likely to cause confusion, or to cause mistake, or to deceive

consumers as to an affiliation, connection, or association between Plaintiff and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiff.

53.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

54.     On information and belief, Defendant has acted willfully to usurp Plaintiff's rights, and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), and Defendant's profits due to the infringement.

### THIRD CLAIM FOR RELIEF

#### Common Law Trademark Infringement

64.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

65.     Plaintiff owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the PEACE LOVE Marks in New York and throughout the United States.

66.     Defendant, through the conduct and violations described above, has engaged in, engage in and propose to engage in trademark infringement under New York common law. As a consequence of Defendant's violations, Plaintiff is entitled to relief as set forth below.

### FOURTH CLAIM FOR RELIEF

#### Unfair Competition Under New York Common Law

67.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

68.     Defendant's promotion, marketing and sale of juice products and operation of juice bar businesses under confusingly similar imitations of the PEACE LOVE Marks is likely to:

(1)     cause confusion, mistake and/or deception; or

(2)     give the false and misleading impression that:

(i)     the goods and services offered or sold by Defendant and Plaintiff originate with or are under the control of a single source or are backed or endorsed by a single source; or

(ii)     Defendant is a subsidiary of, or in some way associated with, connected or related to Plaintiff; or

(3)     lead to the passing off of Defendant's products as Plaintiff's.

Such acts are in violation of the law of unfair competition under the common law of New York.

## FIFTH CLAIM FOR RELIEF

### Trademark Dilution in Violation of the New York General Business Law

### (N.Y. Gen. Bus. Law § 360-l)

76.    Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

77.    Plaintiff is the exclusive owner of the PEACE LOVE Marks.

78.    The PEACE LOVE Marks are all distinctive marks that have been in use for many years and play a prominent role in Plaintiff's marketing, advertising, and the popularity of its products across different media.

79.    The PEACE LOVE Marks have gained widespread publicity and public recognition in the United States and the world.

80.    The Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### False Advertising

### Lanham Act 43(a)(1)(B), 15 U.S.C. 1125(a)(1)(B)

84.     Plaintiff incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

85.     Defendant, in connection with their commercial advertising and promotion, have misrepresented and continue to misrepresent the nature, characteristics, and qualities of their goods and services.  As a consequence of Defendant's misconduct, Plaintiff is entitled to relief as set forth below.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.      Preliminarily and permanently enjoining Defendant, and all persons in active concert or participation with it, from directly or indirectly:

- using the PEACE LOVE Marks, or any other mark, word, or name incorporating or confusingly similar to Plaintiff's PEACE LOVE Marks, including the words PEACE or LOVE;

- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendant's products or services come from or are the products or services of Plaintiff, or are somehow sponsored by or associated with Plaintiff; and

- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill.

2.      Ordering Defendant to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing the infringing KREATION Mark.

3.      Awarding Plaintiff its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

4.      Ordering restitution to Plaintiff for Defendant's unjust enrichment and unlawful gains to the detriment of Plaintiff.

5.      Awarding Plaintiff additional damages and profits of three times the actual damages and profits, together with attorneys' fees.

6.      Awarding exemplary damages in an amount to be determined by jury.

7.      Awarding Plaintiff its costs of suit, attorney's fees, and reasonable expenses in this exceptional case;

8.      Awarding pre-and post-judgment interest at the maximum rate allowable by the law; and

9.      Granting such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 25, 2018

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Peter T. Shapiro
        Peter T. Shapiro
        Nigamnarayan Acharya (pro hac vice
        admission to be sought)
        77 Water Street, Suite 2100
        New York, New York 10005
        212.232.1300
        Peter.shapiro@lewisbrisbois.com